## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| Mack Industries, Ltd., *et al.* ) | Bankruptcy No. 17 B 09308 |
| ) | |
| _____ ) | Judge Carol A. Doyle |
| ) | |
| Ronald R. Peterson, Trustee for Mack Industries, ) | Chapter 7 |
| Ltd. and Ronald R. Peterson, Trustee for Oak Park ) | |
| Avenue Realty, Ltd., ) | |
| Plaintiff ) | |
| v. ) | Adv. No. 19 A 00567 |
| ) | |
| James McInerney, ) | |
| ) | |
| Defendants ) | |
| ) | |

## **ANSWER**

NOW COMES the Defendant, James McInerney, by and through Defendant's attorney, David P. Lloyd, and, in answer to the Complaint herein, states as follows:

### NATURE OF THE CASE

1. Pursuant to sections 544, 548 and 550 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.,* the "***Bankruptcy Code***"), the Trustee seeks to avoid and recover from McInerney or any other entity for whose benefit such Transfers were made, any Transfers by the Debtor that occurred up to 10 years before the Debtor's petition date that were made for less than reasonably equivalent value.

RESPONSE: Admits that the Trustee seeks to avoid and recover payments, but denies that the Trustee is entitled to avoid or recover such payments.

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that McInerney has filed or asserted against the Debtor. The Trustee does not waive but hereby reserves all of his rights and the rights of the estate to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) to (j) of the Bankruptcy Code.

RESPONSE: Admits that the Trustee seeks to disallow claims, but denies that the Trustee is entitled to disallow claims.

## JURISDICTIONAL ALLEGATIONS

3. Pursuant to 28 U.S.C. § 1334(b), this court has subject matter jurisdiction over this adversary proceeding, which arises under, and relates to, a case under the Bankruptcy Code pending in the United States Bankruptcy Court for the Northern District of Illinois, captioned *In re: Mack Industries, Ltd., et al.*, Case No. 17-09308.

RESPONSE: Admits.

4. The statutory and legal predicates for the relief sought herein are sections 502, 544, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

RESPONSE: Admits.

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B) and (H), and the Court may enter final orders for matters contained herein. To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the consent of the litigants, the Trustee consents to the entry of final orders by the Court in this adversary proceeding.

RESPONSE: Admits.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409.

RESPONSE: Admits.

## PROCEDURAL BACKGROUND

7. On March 24, 2017, Mack Industries, Ltd. ("***Mack Ltd.***") filed a case under chapter 11 of the Bankruptcy Code (the "***Mack Ltd. Case***").

RESPONSE: Admits.

8. On June 1, 2017, the Court entered an Order converting the Mack Ltd. Case to a case under chapter 7. (Case No. 17-09308, Dkt. 92.) On the same date, the U.S. Trustee duly appointed Ronald R. Peterson as the chapter 7 Trustee. (Case No. 17-09308, Dkt. 84.)

RESPONSE: Admits.

9. Five entities affiliated with Mack Ltd.—Mack Industries II LLC, Mack Industries III LLC, Mack Industries IV LLC, Mack Industries V LLC, and Mack Industries VI LLC— also filed petitions for relief under chapter 7 of the Bankruptcy Code, and the U.S. Trustee has appointed Ronald R. Peterson as the chapter 7 Trustee in these additional cases (collectively with the Mack Ltd. Case, the "***Mack Cases***"). (See Case No. 17-16859, Dkt. 8;

Case No. 17-17106, Dkt. 6; Case No. 17-17109, Dkt. 7; Case No. 18-03445, Dkt. 6; Case No. 18-03451, Dkt. 5.)

RESPONSE: Admits.

10. On June 21, 2017, and February 15, 2018, the Court ordered the joint administration of the Mack Cases. (Case No. 17-09308, Dkt. 110 & 369.)

RESPONSE: Admits.

11. Certain creditors of Oak Park Avenue Realty, Ltd. ("*Oak Park*"), an affiliate of Mack Ltd., filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code against Oak Park (the "*Oak Park Case*"). (Case No. 17-16651, Dkt. 1.)

RESPONSE: Admits.

12. On June 29, 2017, the Court entered an order for relief in the Oak Park Case and, on July 12, 2017, granted Oak Park's motion to convert the Oak Park Case to a case under chapter 7. (See Case No. 17-16651, Dkt. 22 & 29.)

RESPONSE: Admits.

13. The U.S. Trustee appointed Ronald R. Peterson as the chapter 7 Trustee in the Oak Park Case. (Case No. 17-16651, Dkt. 31.) The Oak Park Case is being jointly administered with the Mack Cases. (Case No. 17-09308, Dkt. 132.)

RESPONSE: Admits.

## FACTS COMMON TO ALL COUNTS

14. Prior to the Debtor's petition date, the Debtor and its related entities engaged in the business of wholesale real estate investing, management, and development.

RESPONSE: Admits.

15. The Debtor was part of a larger group of entities, including Oak Park Avenue Realty Ltd., Mack Industries II LLC, Mack Industries III LLC, Mack Industries IV LLC, Mack Industries V LLC, Mack Industries VI LLC, Mack LOC I LLC, Mack LOC II LLC, Mack LOC III LLC, 2300-16 S. Central LLC, Wheelhouse Investments, Lakewood Partners LLC, Nola North LLC, Mack Developers Inc., Holbrook Partners LLC, Oak Crest LLC, Mack Investments I LLC, Mack Investments II LLC, and others.

RESPONSE: Defendant is not familiar with the corporate structure of the Debtors or the definition of "larger group of entities," and therefore is unable to admit or deny the allegations of Paragraph 15.

16. During the course of operations, the Debtor maintained several bank accounts with First Community Financial Bank n/k/a Busey Bank and other banks (the "***Debtor Accounts***").

RESPONSE: Admits.

17. Prior to filing for bankruptcy, the Debtor transferred funds from the Debtor Accounts to pay for goods and/or services received by or for obligations that were incurred by related entities, the Debtor's owners, or the family of the Debtor's owners. The Debtor itself was not obligated to make these transfers.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 36.

18. Prior to the Debtor's petition date, it made one or more transfers from the Debtor Accounts to or for the benefit of McInerney (singularly, a "***Transfer***" and collectively, the "***Transfers***"). According to the Debtor's books and records, the Debtor transferred at least $151,113.79 to McInerney between 2013 and 2017. The Transfers in whole or in part were for payment for goods and/or services received by or for an obligation incurred by a related entity or principal.

RESPONSE: Defendant is not familiar with the Debtor's books and records and is not aware of what those books and records show. Defendant has not completed review of financial documentation and therefore is unable to admit or deny the allegations of Paragraph 37.

19. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional Transfers made to or for the benefit of McInerney during the period for which Transfers can be avoided. It is the Trustee's intention to avoid and recover all Transfers made by the Debtor that are avoidable under 11 U.S.C. §§ 544 and 548. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to any defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "***Amendments***"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

RESPONSE: Defendant is not aware of what the Trustee may or may not learn in the future but denies that the Trustee will have the right to recover any payments not identified in his original Complaint, as the time for filing avoidance complaints has passed.

**COUNT I – AVOIDANCE AND RECOVERY
OF CONSTRUCTIVE FRAUDULENT TRANSFERS
740 ILCS 160/5(a)(2), 6(a), and 8(a), and 11
U.S.C. §§ 544(b)(1) and 550(a)**

20. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count.

RESPONSE: Defendant restates the responses to all previous allegations.

21. The Debtor itself was not obligated to McInerney to make the Transfers on behalf of the related entities or principals. It therefore did not receive reasonably equivalent value for making these Transfers.

RESPONSE: Denies.

22. At the time the Debtor made the Transfers, it was engaged in or was about to engage in a business or transaction for which its remaining assets were unreasonably small.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 22.

23. For example, the Debtor entered into a significant business relationship with American Residential Leasing Company LLC ("*American Residential*") in December 2012. This became one of the Debtor's largest business partnerships, under which it was obligated to manage about 500 single-family residential units owned by American Residential. The Debtor lost large sums of money on this deal and was eventually forced to ask for a reworking of the deal to reduce the payments owed to American Residential.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 23.

24. At the time the Debtor made the Transfers, it intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors or the motivation of the Debtors, which are corporate entities and may or may have not had an intention or belief regarding debts; and therefore is unable to admit or deny the allegations of Paragraph 24.

25. For example, the venture with American Residential was losing money at the time of the Transfers, and American Residential was becoming a substantial, unpaid

5

creditor. In 2014, the property taxes on American Residential properties were no longer being paid, and by September 2014, the American Residential contract was in default.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 25.

26. At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of them.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 26.

27. On information and belief, at all relevant times, the sum of the Debtor's liabilities exceeded the sum of the then–fair value of the Debtor's assets.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 27.

28. Creditors existed with standing to bring an action against the Debtor to avoid the Transfers under applicable non-bankruptcy law, including American Residential and the Internal Revenue Service (the "*IRS*"). To the extent the IRS is a creditor, the period for avoiding Transfers is at least 10 years.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 28.

29. Based upon the foregoing, the Transfers are avoidable and recoverable pursuant to 740 ILCS 160/5(a)(2), 6(a), and 8(a), and 11 U.S.C. §§ 544(b)(1) and 550(a).

RESPONSE: Denies.

### COUNT II – AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS
### 11 U.S.C. § 548(a)(1)(B)

30. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

RESPONSE: Defendant restates the responses to all previous allegations.

31. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

RESPONSE: Defendant admits that the Count is pleaded in the alternative.

6

32. To the extent the Debtor's Transfers to McInerney were for goods and/or services received by or for an obligation that was incurred by a related entity, the Debtor's owners, or the family of the Debtor's owners, the Debtor received less than reasonably equivalent value for the Transfers.

RESPONSE: Defendant has not completed review of financial documentation and does not have access to the financial records of the Debtor and therefore is unable to admit or deny the allegations of Paragraph 32.

33. At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of the Transfers.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 33.

34. At the time of the Transfers, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 34.

35. Based upon the foregoing, the Transfers are avoidable and recoverable pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a).

RESPONSE: Denies.

**COUNT III – AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS 740 ILCS 160/5(a)(1) and 8(a) and 11 U.S.C. §§ 544(b)(1) and 550(a)**

36. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

RESPONSE: Defendant restates the responses to all previous allegations.

37. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

RESPONSE: Defendant admits that the Count is pleaded in the alternative.

38. The Debtor made the Transfers to McInerney with actual intent to hinder, delay, or defraud its creditors.

RESPONSE: Defendant is not aware of the mental processes of the Debtors or their management and therefore is unable to either admit or deny the allegations of Paragraph 38.

39. For example, during negotiations with American Residential in June 2014, Eric Workman, the Debtor's then–Vice President of sales and marketing, threatened American Residential that unless it modified the terms of its agreement with the Debtor, the Debtor and its related entities would dissipate assets for less than a fair consideration or take other steps to delay, hinder, or defraud American Residential of its rights and remedies as a creditor. The negotiations with American Residential failed.

RESPONSE: Defendant is not familiar with the communications between the Debtor and third parties and is therefore unable to admit or deny the allegations of Paragraph 39.

40. By 2014, the Debtor was engaged in ongoing negotiations with one or more of its creditors to avoid collection attempts and potential litigation.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 40.

41. Because the Transfers were for goods and/or services received by or for an obligation that was incurred by a related entity, the Debtor's owners, or the family of the Debtor's owners, the Debtor received less than reasonably equivalent value for the Transfers.

RESPONSE: Denies.

42. By paying obligations of its related entities and principals, the Debtor dissipated its own assets, leaving less for its creditors to collect.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 42.

43. The Debtor was insolvent at the time of the Transfers or became insolvent shortly after it made the Transfers.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 43.

44. The Debtor made the Transfers while it was incurring substantial debt to its existing creditors, such as American Residential.

RESPONSE: Defendant is not familiar with the financial condition of the Debtors and therefore is unable to admit or deny the allegations of Paragraph 44.

45. Based upon the foregoing, the Transfers are avoidable pursuant to 740 ILCS 160/5(a)(1) and 8(a) and 11 U.S.C. §§ 544(b)(1) and 550(a).

RESPONSE: Denies.

## COUNT IV – AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS 11 U.S.C. §§ 548(a)(1)(A) and 550(a)

46. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

RESPONSE: Defendant restates the responses to all previous allegations.

47. This Count is pleaded in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

RESPONSE: Defendant admits that the Count is pleaded in the alternative.

48. The Debtor made the Transfers to McInerney with actual intent to hinder, delay, or defraud its creditors.

RESPONSE: Defendant is not aware of the mental processes of the Debtors or their management and therefore is unable to either admit or deny the allegations of Paragraph 48.

49. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a).

RESPONSE: Denies.

## COUNT V – DISALLOWANCE OF ALL CLAIMS 11 U.S.C. § 502(d) and (j)

50. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count, except that any allegations inconsistent with the relief requested in this Count are not included.

RESPONSE: Defendant restates the responses to all previous allegations.

51. McInerney is a transferee of the Transfers, which are avoidable under 11 U.S.C. §§ 544 and/or 548, which property is recoverable under 11 U.S.C. § 550.

RESPONSE: Denies.

52. McInerney has not paid the amount of the Transfers, or turned over such property, for which McInerney is liable under 11 U.S.C. § 550.

RESPONSE: Denies.

53. Pursuant to 11 U.S.C. § 502(d), any and all claims of McInerney and/or its assignee, against the Debtor's chapter 7 estate must be disallowed until such time as

9

McInerney pays to the Trustee an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

RESPONSE: Denies.

54. Pursuant to 11 U.S.C. § 502(j), any and all claims of McInerney, and/or its assignee, against the Debtor's chapter 7 estate must be reconsidered and disallowed until such time as McInerney pays to the Trustee an amount equal to the aggregate amount of the Transfers plus interest thereon and costs.

RESPONSE: Denies.

WHEREFORE James McInerney prays that this adversary proceeding be dismissed; for judgment in favor of the Defendant and against the Plaintiff on all counts; for award of fees and costs; and for such other and further relief as this honorable Court may deem meet.

                        Respectfully submitted,
                        James McInerney

                        By: /s/ David P. Lloyd
                            Defendant's attorney

David P. Lloyd
David P. Lloyd, Ltd.
615 B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265